# EXHIBIT 10

Issued SPC

Loan Number ▮▮▮▮▮▮▮▮



May 08, 2024

**MICHAEL MORTIMORE**
15000 MADISON AVENUE
LAKEWOOD, OHIO 44107

| | |
|---|---|
| Loan Number: | ▮▮▮▮▮▮▮ |
| FHA Case Number: | 203 415-0016777 703 |
| Property Address: | 14864 TOWNSHIP RD 215 |
| | FINDLAY, OHIO 45840 |

Dear MICHAEL MORTIMORE:

**Congratulations!** You are eligible for a Federal Housing Administration ("FHA") Partial Claim. A Partial Claim is an interest-free loan from HUD that does not have to be repaid until your first mortgage matures or is paid off or until you no longer own the property.

The enclosed Partial Claim Note, Subordinate Security Instrument and Document Correction Agreement reflect the proposed terms of the junior lien.

**How to Accept This Offer:**

To accept this offer, you must sign and return the Partial Claim Note, Subordinate Security Instrument, and Document Correction Agreement to us in the enclosed, pre-paid envelope by MAY 22, 2024. If the Subordinate Security Instrument has notary provisions at the end, you must sign it before a notary public and return the notarized copy to us. We encourage you to make a copy of all documents for your records. If you do not send the signed copy of the Partial Claim Note, Subordinate Security Instrument, and Document Correction Agreement by the above date, you must contact us if you still wish to be considered for this program.

By executing the Partial Claim Note and Subordinate Security Instrument, you are agreeing to a junior lien in favor of HUD to secure payment of the Partial Claim Note when the first loan matures, when you pay off the first loan through a refinance or sale of your home, or when ownership of your home is transferred to someone else. Your billing statement relates only to the first mortgage loan that is being serviced by us and does not relate to the Partial Claim. Any payoff quote obtained from us will be related only to the first mortgage loan and your obligation to pay HUD will not be extinguished if you pay off the first mortgage loan.

If loss mitigation is not viable, unsuccessful, denied, or unable to be considered, due to any failure to fully respond to our request for additional information, the mortgage may be foreclosed upon or included in a Single Family Loan Sale.

Please note that this offer is not the result of an evaluation of a complete loss mitigation application. You have the option to submit a complete application to receive an evaluation for all options available to you. For more information on alternatives, please contact us.

91001007v24.1
Page 1 of 2

**Loan Number**

The Partial Claim will resolve your delinquency and your contractual payments will resume. By accepting this offer, you are attesting to your ability to resume making your contractual mortgage payments. If this is not the case, and you need payment assistance, please contact us immediately so we can discuss what other options may be available.

We look forward to hearing from you no later than MAY 22, 2024.

Please read the following documents carefully and if you believe there are any errors or if you do not fully understand the terms, please contact us at 866-970-7105, ext. 5016. We are available Monday - Friday between 7 a.m. and 7 p.m. CST or Saturday from 8 a.m. to 5 p.m. CST.

Sincerely,

Martin Ballarta
LOANDEPOT.COM LLC
866-970-7105, ext. 5016

Enclosure(s)

If you have been discharged from personal liability on the mortgage because of bankruptcy proceedings, and have not reaffirmed the mortgage, or if you are subject to a pending bankruptcy proceeding, this notice is not an attempt to collect a debt from you but rather is for informational purposes only. If you are represented by an attorney, please send this notice to your attorney.

**LOANDEPOT.COM LLC is attempting to collect a debt, and any information obtained will be used for that purpose.**

**Attention Servicemembers and Dependents:** Servicemembers on active duty, or a spouse or dependent of such a servicemember, may be entitled to certain protections under the Servicemembers Civil Relief Act ("SCRA") regarding the servicemember's interest rate and the risk of foreclosure. SCRA and certain state laws provide important protections for you, including prohibiting foreclosure under most circumstances. If you are currently in the military service, or have been within the last twelve (12) months, **AND** joined after signing the Note and Security Instrument now in default, please notify LOANDEPOT.COM LLC immediately. When contacting LOANDEPOT.COM LLC as to your military service, you must provide positive proof as to your military status. Servicemembers and dependents with questions about the SCRA should contact their unit's Judge Advocate, or their installation's Legal Assistance Officer. Homeowner counseling is also available at agencies such as Military OneSource (www.militaryonesource.mil; 1-800-342-9647) and Armed Forces Legal Assistance (http://legalassistance.law.af.mil), and through HUD-certified housing counselors (http://www.hud.gov/offices/hsg/sfh/hcc/hcs.cfm). You can also contact us toll-free at 866-970-7105 if you have questions about your rights under SCRA.

## Signing Instructions

To ensure your documents are completed accurately, please follow the signing instructions below.
▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪
Documents must be signed in the presence of a notary, dated and returned via the prepaid Federal Express envelope provided. All sections should be completed and legible. Call us if you find any errors or have any questions on the documents.

It is important that you do not make changes, alter the document with any markings or make adjustments to pre-printed name(s) such as spelling or corrections to initials. Any alterations could make the documents invalid. Your local bank, attorney, or title company should be able to assist you with certified notary public services. We will complete the lender's acknowledgement section and return a copy of the fully executed agreement to you.

### Instructions for a notary public:

- The notary seal or stamp should never be placed within the right or left margins of the document. The notary stamp needs to be fully legible. It cannot cover up any written portion of the document.
    - If the seal will not fit in the space provided without meeting these requirements, place the notary stamp at the bottom of the document in the middle of the page.
- The notary stamp must show the complete seal and the expiration date must be readable, if one is included on the stamp.
- There can be no alteration to the notary stamp or seal other than writing their expiration date when not present.
- If applicable, the notary should add their serial number/commission number. If the notary does not have a serial number, the space should be left blank. The notary should not write anything else in this space, unless it's an "N/A."
- The fields requested to be completed by the notary must be filled out, including the title or rank. If there is no title or rank, then the notary is to write their name as indicated on the commission certificate along with the title, "Notary Public."
- **FP 7/C tax form:** If the FP 7/C tax form (Real Property Recordation and Transfer) is enclosed, the Borrower(s)/Co-Owner(s) and notary public must sign this form, as well as the Affidavit Addendum, as required by your state, county and/or district.

**Notary – Please review the following items for accuracy. Please note if the following issues occur, they may prevent the docs from being recorded:**
1) **The date of the notarization must match the borrower signing date.**
2) **The notary must sign the signature line of the notary paragraph.**
3) **The notary must apply their stamp or seal in the proper area of the notary section.**

### Borrower(s)/Co-Owner(s) signatures:

- Review the signature page and identify all parties required to sign.
- If there is a line for one or more witnesses to sign, make sure an adult over the age of 18 who is not a party to the modification agreement is available to witness the parties' signatures.
- Only those parties listed in the modification agreement that are pre-printed on the signature page should sign as parties to the document.
- This is a legal document and the document must be signed exactly as appears under the signature line(s). Do not make name adjustments such as spelling or corrections to initials. Example: If the text below the signature line reads "John W. Doe," the signature must be "John W. Doe," not "John Doe" or "JW Doe."
- If signing pursuant to a power of attorney, you must match the borrower's name exactly as included in the text below the signature line and include "as attorney in fact" in your signature. For example, if the text below the signature line reads John W. Doe, you should sign "John W. Doe by Jane Doe as attorney in fact". Before returning the documents, please ensure that the Power of Attorney has been recorded in the county where the property is located. A copy of the recorded Power of Attorney must be included with the signed documents you return.

**Affidavit:**

If the affidavit is enclosed, the Borrower(s)/Co-Owner(s) must sign this form, as required by your state, county and/or district. Please refer to the "Borrower(s)/Co-Owner(s) signatures" section above to ensure the document is completed correctly.

91004001v2.5
Page 2 of 2

Recording Requested By/Return To:
**LOANDEPOT.COM LLC**
**999 TECH ROW, #200**
**MADISON HEIGHTS, MI 48071**

——————————— [Space Above This Line For Recording Data] ———————————

# PARTIAL CLAIM MORTGAGE

FHA Case Number 203 415-0016777 703
**Property Address: 14864 TOWNSHIP RD 215, FINDLAY, OHIO 45840**

THIS SUBORDINATE MORTGAGE ("Security Instrument") is given on the date of execution. The Mortgagor is MICHAEL MORTIMORE AND BRENDA L MORTIMORE, A MARRIED COUPLE, whose address is 14864 TOWNSHIP RD 215, FINDLAY, OHIO 45840 ("Borrower"). This Security Instrument is given to the Secretary of Housing and Urban Development, and whose address is 451 7th Street S.W., Washington, DC 20410 ("Lender"). Borrower owes Lender the principal sum of FORTY-NINE THOUSAND ONE HUNDRED FORTY-SEVEN AND 38/100THS Dollars (U.S. $49,147.38).

**Notwithstanding the foregoing or any other provisions contained herein, if personal liability with respect to any amounts payable under the primary Note has been discharged in bankruptcy, Borrower and Lender understand and agree that nothing contained herein with respect to any amounts payable under this Note, shall be construed to impose personal liability to repay any such obligation in violation of such discharge. Borrower and Lender further understand and agree that to the extent that such personal liability with respect to any amounts payable under the primary Note has been discharged in bankruptcy, Borrower is entering into this Note voluntarily for the benefits to be obtained thereby and not as an affirmation of the debt evidenced by the primary Note, and that this Note, or any actions taken by the Lender in relation to this Note, does not constitute a demand for payment or any attempt to collect any such previously discharged obligation.**

91001215v24.1
Version 05_06_2024_09_09_47

*(page 1 of 7)*

Loan Number

This debt is evidenced by Borrower's note dated the same date as this Security Instrument ("Note"), which provides for the full debt, if not paid earlier, due and payable on MARCH 01, 2052.

This Security Instrument secures to Lender: (a) the repayment of the debt evidenced by the Note, and all renewals, extensions and modifications of the Note; (b) the payment of all other sums, advanced under Paragraph 7 to protect the security of this Security Instrument; and (c) the performance of Borrower's covenants and agreements under this Security Instrument and the Note. For this purpose, Borrower does hereby mortgage, warrant, grant and convey to the Lender, with the power of sale the following described property located in HANCOCK County, OHIO:

LEGAL DESCRIPTION:
SITUATED IN CASS TOWNSHIP, COUNTY OF HANCOCK, STATE OF OHIO, AND BEING A PART OF THE SE 1/4 OF THE NE 1/4 SECTION 28, T2N, R11E, A TRACT OF LAND BOUNDED AND DESCRIBED AS FOLLOWS: BEGINNING AT A RAILROAD SPIKE FOUND ON THE SOUTH LINE OF THE NE 1/4 OF SECTION 28, AND DESCRIBED AS LYING 602.00 FEET EAST OF A CONCRETE MONUMENT FOUND MARKING THE SOUTHWEST CORNER OF THE SE 1/4 OF THE NE 1/4 OF SECTION 28; THENCE FROM THE ABOVE DESCRIBED POINT OF BEGINNING, ALONG THE SOUTH LINE OF THE NE 1/4 OF SECTION 28, ALSO BEING THE CENTERLINE OF TOWNSHIP ROAD NUMBER 215, EAST, A DISTANCE OF 180.60 FEET TO A RAILROAD SPIKE SET; THENCE PARALLEL WITH THE WEST LINE OF THE SE 1/4 OF THE NE 1/4, N 00 DEGREES 01'20' E, A DISTANCE OF 361.80 FEET TO AN IRON STAKE SET, AND PASSING AN IRON STAKE SET AT 20.00 FEET; THENCE PARALLEL WITH THE SOUTH LINE OF THE NE 1/4 OF SECTION 28, WEST A DISTANCE OF 180.60 FEET TO AN IRON STAKE SET; THENCE PARALLEL WITH THE WEST LINE OF THE SE 1/4 OF THE NE 1/4, S 00 DEGREES 01'20' W. A DISTANCE OF 361.80 FEET TO THE POINT OF BEGINNING AND PASSING AN IRON STAKE SET AT 20.00 FEET NORTH THEREOF, SAID TRACT CONTAINING 1.500 ACRES OF LAND, MORE OR LESS, SUBJECT HOWEVER TO ALL LEGAL HIGHWAYS AND PRIOR EASEMENTS OF RECORD.
PARCEL ID: 150001000780
Tax Parcel No.:
150001000780

which has the address of 14864 TOWNSHIP RD 215, FINDLAY, OHIO 45840 ("Property Address").

TOGETHER WITH all the improvements now or hereafter erected on the property, and all easements, appurtances, and fixtures now or hereafter a part of the property. All replacements and

91001216v24.1
Version 05_06_2024_09_09_47

Loan Number

additions shall also be covered by this Security Instrument. All of the foregoing is referred to in this Security Instrument as the "Property."

BORROWER COVENANTS that Borrower is lawfully seized of the estate hereby conveyed and has the right to mortgage, grant and convey the Property and that the Property is unencumbered, except for encumbrances of record. Borrower warrants and will defend generally the title to the Property against all claims and demands, subject to any encumbrances of record.

THIS SECURITY INSTRUMENT combines uniform covenants for national use and non-uniform covenants with limited variations by jurisdiction to constitute a uniform security instrument covering real property.

Borrower and Lender covenant and agree as follows:

UNIFORM COVENANTS.

**1. Payment of Principal.** Borrower shall pay when due the principal of the debt evidenced by the Note.

**2. Borrower Not Released; Forbearance By Lender Not a Waiver.** Extension of the time of payment of the sums secured by this Security Instrument granted by Lender to any successor in interest of Borrower shall not operate to release the liability of the original Borrower or Borrower's successor in interest. Lender shall not be required to commence proceedings against any successor in interest or refuse to extend time for payment or otherwise modify amortization of the sums secured by this Security Instrument by reason of any demand made by the original Borrower or Borrower's successors in interest. Any forbearance by Lender in exercising any right or remedy shall not be a waiver of or preclude the exercise of any right or remedy.

**3. Successors and Assigns Bound; Joint and Several Liability; Co-signers.** The covenants and agreements of this Security Instrument shall bind and benefit the successors and assigns of Lender and Borrower. Borrower's covenants and agreements shall be joint and several. Any Borrower who co-signs this Security Instrument but does not execute the Note: (a) is co-signing this Security Instrument only to mortgage, grant and convey that Borrower's interest in the Property under the terms of this Security Instrument; (b) is not personally obligated to pay the sums secured by this Security Instrument; and (c) agrees that Lender and any other Borrower may agree to extend,

91001216v24.1
Version 05_06_2024_09_09_47

(page 3 of 7)

**Loan Number**

modify, forbear or make any accommodations with regard to the term of this Security Instrument or the Note without that Borrower's consent.

**4. Notices.** Any notice to Borrower provided for in this Security Instrument shall be given by delivering it or by mailing it by first class mail unless applicable law requires use of another method. The notice shall be directed to the Property Address or any other address Borrower designates by notice to Lender. Any notice to Lender shall be given by first class mail to: U.S. Department of Housing and Urban Development, Attention: Single Family Notes Branch, 451 7th Street S.W., Washington, DC 20410 or any address Lender designates by notice to Borrower. Any notice provided for in this Security Instrument shall be deemed to have been given to Borrower or Lender when given as provided in this paragraph.

**5. Governing Law; Severability.** This Security Instrument shall be governed by Federal law and the law of the jurisdiction in which the Property is located. In the event that any provision or clause of this Security Instrument or the Note conflicts with applicable law, such conflict shall not affect other provisions of this Security Instrument or the Note which can be given effect without the conflicting provision. To this end the provisions of this Security Instrument and the Note are declared to be severable.

**6. Borrower's Copy.** Borrower shall be given one conformed copy of the Note and of this Security Instrument.

NON-UNIFORM COVENANTS.

Borrower and Lender further covenant and agree as follows:

**7. Remedies.**

**(a) Notice of Default.** Lender will give a notice of default to Borrower following Borrower's breach of any covenant or agreement in this Security Instrument. The notice will specify, in addition to any information required by applicable law: (i) the default; (ii) the action required to cure the default; (iii) that failure to cure the default on or before the date specified in the notice may result in foreclosure by judicial proceeding and sale of the Property; and (iv) Borrower's right to deny in the foreclosure proceeding the existence of a default or to assert any other defense of Borrower to foreclosure.

Loan Number [REDACTED]

**(b) Foreclosure; Expenses.** If the default is not cured on or before the date specified in the notice, Lender may require immediate payment in full of all sums secured by this Security Instrument without further demand and may foreclose this Security Instrument by judicial proceeding or in accordance with paragraph 7(c). Lender will be entitled to collect all expenses incurred in pursuing its remedies, including but not limited to: (i) reasonable attorneys' fees and costs to the extent permitted by applicable law, and as authorized by a court in the judicial foreclosure proceeding; and (ii) other fees incurred to protect Lender's interest in the Property and/or rights under this Security Instrument.

**(c) Secretary's Remedies.** Notwithstanding the foregoing paragraph (a)-(b), if the Lender's interest in this Security Instrument is held by the Secretary and the Secretary requires immediate payment in full under Paragraph 4 of the Note, the Secretary may invoke the nonjudicial power of sale provided in the Single Family Mortgage Foreclosure Act of 1994 ("Act") (12 U.S.C. § 3751 et seq.) by requesting a foreclosure commissioner designated under the Act to commence foreclosure and to sell the Property as provided in the Act. Nothing in the preceding sentence will deprive the Secretary of any rights otherwise available to a Lender under this section 7 or applicable law.

**8. Release.** Upon payment of all sums secured by this Security Instrument Lender will discharge this Security Instrument. Borrower will pay any recordation costs associated with such release. Lender may charge Borrower a fee for releasing this Security Instrument, but only if the fee is paid to a third party for services rendered and the charging of the fee is permitted under applicable law.

BY SIGNING BELOW, Borrower accepts and agrees to the terms contained in this Security Instrument and in any rider(s) signed by Borrower and recorded with it.

_Michael Mortimore_                                    Date: 5,29,24
Borrower - **MICHAEL MORTIMORE**

_Brenda L. Mortimore_                                  Date: 5,29,24
Borrower - **BRENDA L MORTIMORE**

Loan Number █████████

State of **OHIO**
County of _Hancock_
       **Enter County Here**

The foregoing instrument was acknowledged before me this _29_ day of _May_ , _2024_ by **MICHAEL MORTIMORE and BRENDA L MORTIMORE.**

My Commission Expires: _11-16-27_

(Seal, if any, place below)

_Amy Whittaker_
(Signature of person taking acknowledgment)

AMY JO WHITTAKER
Notary Public
State of Ohio
My Comm. Expires
November 16, 2027

_Amy Whittaker_
Print Notary Name Here

Title or rank: Notary Public

[ ] This certificate pertains to an electronic notarial act performed with the principal(s) appearing online using audio-video communication.

91001216v24.1
Version 05_06_2024_09_09_47

(page 6 of 7)

**Loan Number** █████████

This Instrument was prepared by:

LOANDEPOT.COM LLC
26642 TOWNE CENTRE DRIVE
FOOTHILL RANCH, CA 92610

91001215v24.1
Version 05_06_2024_09_09_47

*(page 7 of 7)*

## SUBORDINATE NOTE

FHA Case Number 203 415-0016777 703

MAY 08, 2024

14864 TOWNSHIP RD 215
FINDLAY, OHIO 45840

### 1. PARTIES

"Borrower" means each person signing at the end of this Note and the person's successors and assigns. "Secretary" or "Lender" means the Secretary of the U.S. Department of Housing and Urban Development and its successors and assigns.

### 2. BORROWER'S PROMISE TO PAY

In return for a loan received from the Lender, the Borrower promises to pay the principal sum of FORTY-NINE THOUSAND ONE HUNDRED FORTY-SEVEN AND 38/100THS (U.S. $49,147.38), to the order of the Lender.

**Notwithstanding the foregoing or any other provisions contained herein, if personal liability with respect to any amounts payable under the primary Note has been discharged in bankruptcy, Borrower and Lender understand and agree that nothing contained herein with respect to any amounts payable under this Note, shall be construed to impose personal liability to repay any such obligation in violation of such discharge. Borrower and Lender further understand and agree that to the extent that such personal liability with respect to any amounts payable under the primary Note has been discharged in bankruptcy, Borrower is entering into this Note voluntarily for the benefits to be obtained thereby and not as an affirmation of the debt evidenced by the primary Note, and that this Note, or any actions taken by the Lender in relation to this Note, does not constitute a demand for payment or any attempt to collect any such previously discharged obligation.**

### 3. PROMISE TO PAY SECURED

The Borrower's promise to pay is secured by a mortgage, deed of trust or similar security instrument that is dated the same date as this Note and called the "Security Instrument." The Security Instrument protects the Lender from losses which might result if the Borrower defaults under this Note.

### 4. MANNER OF PAYMENT

#### (A) Time

On MARCH 01, 2052, or, if earlier, when the first of the following events occurs:

(i) The Borrower has paid in full all amounts due under the primary Note and related mortgage, deed of trust or similar Security Instruments insured by the Secretary, or

91004009v24.1
Subordinate Note
Page 1 of 2

Version 05_06_2024_09_09_47

(ii) The maturity date of primary Note has been accelerated, or

(iii) The primary Note and related mortgage, deed of trust or similar Security Instrument are no longer insured by the Secretary.

**(B) Place**

Payment shall be made at the Office of Housing FHA-Comptroller, Director of Mortgage Insurance Accounting and Servicing, 451 7th Street S.W., Washington, DC 20410 or any such other place as the Lender may designate in writing by notice to the Borrower.

## 5. BORROWER'S RIGHT TO PREPAY

The Borrower has the right to pay the debt evidenced by this Note, in whole or in part, without charge or penalty. If the Borrower makes a partial prepayment, there will be no changes in the due date or in the amount of the monthly payment unless the Lender agrees in writing to those changes.

## 6. WAIVERS

The Borrowers and any other person who has obligations under this Note waive the rights of presentment and notice of dishonor. "Presentment" means the right to require the Lender to demand payment of amounts due. "Notice of Dishonor" means the right to require the Lender to give notice to other persons that amounts due have not been paid.

## 7. OBLIGATIONS OF PERSONS UNDER THIS NOTE

If more than one person signs this Note, each person is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed. Any person who is a guarantor, surety or endorser of this Note is also obligated to do these things. Any person who takes over these obligations, including the obligations of a guarantor, surety or endorser of this Note, is also obligated to keep all of the promises made in this Note. Lender may enforce its rights under this Note against each person individually or against all signatories together. Any one person signing this Note may be required to pay all the amounts owed under this Note.

## 8. SEVERABILITY

If one section of this instrument is found to be void or unenforceable such determination shall not affect the validity or enforceability of other provisions, all of which shall remain in full force and effect.

BY SIGNING BELOW, the Borrower accepts and agrees to the terms and covenants contained in this Note.

_Michael Mortimore_                                     Date: 5,29,24

Borrower –   **MICHAEL MORTIMORE**

91004009v24.1
Subordinate Note
Page **2 of 2**          Version  05_06_2024_09_09_47

## DOCUMENT CORRECTION AGREEMENT
("Agreement")

Loan Number: ▓▓▓▓▓▓ (the "Loan")

**AGREEMENT TO CORRECT MISSTATED DOCUMENTS AND TO PROVIDE ADDITIONAL DOCUMENTATION**: In consideration of LOANDEPOT.COM LLC providing the Partial Claim (the "Workout") as requested by the undersigned ("Borrower"), and regardless of the reason for any loss, misplacement, or inaccuracy in any of the enclosed documents, Borrower agrees as follows: If any document is lost, misplaced, misstated or inaccurately reflects the true and correct terms and conditions of the Workout, upon request of LOANDEPOT.COM LLC, the Borrower will comply with any request to execute, acknowledge, and deliver to LOANDEPOT.COM LLC any documentation ("Replacement Documents") LOANDEPOT.COM LLC deems necessary to replace or correct the lost, misplaced, misstated or inaccurate document(s). The Borrower agrees to deliver the Replacement Documents within ten (10) days after receipt by the Borrower of a written request for such replacement.

**REQUEST BY LOANDEPOT.COM LLC**:    Any request under this Agreement made by LOANDEPOT.COM LLC, (including assignees and persons acting on behalf of LOANDEPOT.COM LLC), shall be prima facie evidence of the necessity for the same. A written statement addressed to the Borrower, first class postage prepaid, at the mailing address indicated in our records shall be considered conclusive evidence of receipt by the Borrower of the request for Replacement Documents.

**BORROWER LIABILITY**: If the Borrower fails or refuses to execute, acknowledge, and deliver the Replacement Documents to LOANDEPOT.COM LLC more than ten (10) days after being requested to do so by LOANDEPOT.COM LLC, the Borrower shall be liable for any and all loss or damage which LOANDEPOT.COM LLC reasonably sustains thereby, including, but not limited to, all reasonable attorneys' fees and costs incurred by LOANDEPOT.COM LLC. In addition, LOANDEPOT.COM LLC may elect to declare the Workout null and void in which case the loan shall return to the status as existed prior to the Workout. Any funds received by LOANDEPOT.COM LLC in conjunction with the Workout shall be retained by LOANDEPOT.COM LLC and applied to the loan as determined by LOANDEPOT.COM LLC in its discretion.

_Michael Mortimore_                                   Date: 5,29,24

**MICHAEL MORTIMORE**

_Brenda J Mortimore_                                  Date: 5,29,24

**BRENDA L MORTIMORE**

91004010v2.3                    Version 05_06_2024_09_09_47
Page **1 of 1**

**The following pages are for you to retain for your records.**

**You do not need to return these copies.**

Recording Requested By/Return To:
**LOANDEPOT.COM LLC**
**999 TECH ROW, #200**
**MADISON HEIGHTS, MI 48071**

——————————— [Space Above This Line For Recording Data] ———————————

# PARTIAL CLAIM MORTGAGE

FHA Case Number 203 415-0016777 703

**Property Address: 14864 TOWNSHIP RD 215, FINDLAY, OHIO 45840**

THIS SUBORDINATE MORTGAGE ("Security Instrument") is given on the date of execution. The Mortgagor is MICHAEL MORTIMORE AND BRENDA L MORTIMORE, A MARRIED COUPLE, whose address is 14864 TOWNSHIP RD 215, FINDLAY, OHIO 45840 ("Borrower"). This Security Instrument is given to the Secretary of Housing and Urban Development, and whose address is 451 7th Street S.W., Washington, DC 20410 ("Lender"). Borrower owes Lender the principal sum of FORTY-NINE THOUSAND ONE HUNDRED FORTY-SEVEN AND 38/100THS Dollars (U.S. $49,147.38).

**Notwithstanding the foregoing or any other provisions contained herein, if personal liability with respect to any amounts payable under the primary Note has been discharged in bankruptcy, Borrower and Lender understand and agree that nothing contained herein with respect to any amounts payable under this Note, shall be construed to impose personal liability to repay any such obligation in violation of such discharge. Borrower and Lender further understand and agree that to the extent that such personal liability with respect to any amounts payable under the primary Note has been discharged in bankruptcy, Borrower is entering into this Note voluntarily for the benefits to be obtained thereby and not as an affirmation of the debt evidenced by the primary Note, and that this Note, or any actions taken by the Lender in relation to this Note, does not constitute a demand for payment or any attempt to collect any such previously discharged obligation.**

91001215v24.1
Version 05_06_2024_09_09_47

*(page 1 of 5)*

Loan Number

This debt is evidenced by Borrower's note dated the same date as this Security Instrument ("Note"), which provides for the full debt, if not paid earlier, due and payable on MARCH 01, 2052.

This Security Instrument secures to Lender: (a) the repayment of the debt evidenced by the Note, and all renewals, extensions and modifications of the Note; (b) the payment of all other sums, advanced under Paragraph 7 to protect the security of this Security Instrument; and (c) the performance of Borrower's covenants and agreements under this Security Instrument and the Note. For this purpose, Borrower does hereby mortgage, warrant, grant and convey to the Lender, with the power of sale the following described property located in HANCOCK County, OHIO:

LEGAL DESCRIPTION:
SITUATED IN CASS TOWNSHIP, COUNTY OF HANCOCK, STATE OF OHIO, AND BEING A PART OF THE SE 1/4 OF THE NE 1/4 SECTION 28, T2N, R11E, A TRACT OF LAND BOUNDED AND DESCRIBED AS FOLLOWS: BEGINNING AT A RAILROAD SPIKE FOUND ON THE SOUTH LINE OF THE NE 1/4 OF SECTION 28, AND DESCRIBED AS LYING 602.00 FEET EAST OF A CONCRETE MONUMENT FOUND MARKING THE SOUTHWEST CORNER OF THE SE 1/4 OF THE NE 1/4 OF SECTION 28; THENCE FROM THE ABOVE DESCRIBED POINT OF BEGINNING, ALONG THE SOUTH LINE OF THE NE 1/4 OF SECTION 28, ALSO BEING THE CENTERLINE OF TOWNSHIP ROAD NUMBER 215, EAST, A DISTANCE OF 180.60 FEET TO A RAILROAD SPIKE SET; THENCE PARALLEL WITH THE WEST LINE OF THE SE 1/4 OF THE NE 1/4, N 00 DEGREES 01'20' E, A DISTANCE OF 361.80 FEET TO AN IRON STAKE SET, AND PASSING AN IRON STAKE SET AT 20.00 FEET; THENCE PARALLEL WITH THE SOUTH LINE OF THE NE 1/4 OF SECTION 28, WEST A DISTANCE OF 180.60 FEET TO AN IRON STAKE SET; THENCE PARALLEL WITH THE WEST LINE OF THE SE 1/4 OF THE NE 1/4, S 00 DEGREES 01'20' W, A DISTANCE OF 361.80 FEET TO THE POINT OF BEGINNING AND PASSING AN IRON STAKE SET AT 20.00 FEET NORTH THEREOF, SAID TRACT CONTAINING 1.500 ACRES OF LAND, MORE OR LESS, SUBJECT HOWEVER TO ALL LEGAL HIGHWAYS AND PRIOR EASEMENTS OF RECORD.
PARCEL ID: 150001000780
Tax Parcel No:
150001000780

which has the address of 14864 TOWNSHIP RD 215, FINDLAY, OHIO 45840 ("Property Address").

TOGETHER WITH all the improvements now or hereafter erected on the property, and all easements, appurtenances, and fixtures now or hereafter a part of the property. All replacements and

91001215v24.1
Version 05_06_2024_09_09_47

(page 2 of 5)

Loan Number ▮▮▮▮▮▮▮

additions shall also be covered by this Security Instrument. All of the foregoing is referred to in this Security Instrument as the "Property."

BORROWER COVENANTS that Borrower is lawfully seized of the estate hereby conveyed and has the right to mortgage, grant and convey the Property and that the Property is unencumbered, except for encumbrances of record. Borrower warrants and will defend generally the title to the Property against all claims and demands, subject to any encumbrances of record.

THIS SECURITY INSTRUMENT combines uniform covenants for national use and non-uniform covenants with limited variations by jurisdiction to constitute a uniform security instrument covering real property.

Borrower and Lender covenant and agree as follows:

UNIFORM COVENANTS.

**1. Payment of Principal.** Borrower shall pay when due the principal of the debt evidenced by the Note.

**2. Borrower Not Released; Forbearance By Lender Not a Waiver.** Extension of the time of payment of the sums secured by this Security Instrument granted by Lender to any successor in interest of Borrower shall not operate to release the liability of the original Borrower or Borrower's successor in interest. Lender shall not be required to commence proceedings against any successor in interest or refuse to extend time for payment or otherwise modify amortization of the sums secured by this Security Instrument by reason of any demand made by the original Borrower or Borrower's successors in interest. Any forbearance by Lender in exercising any right or remedy shall not be a waiver of or preclude the exercise of any right or remedy.

**3. Successors and Assigns Bound; Joint and Several Liability; Co-signers.** The covenants and agreements of this Security Instrument shall bind and benefit the successors and assigns of Lender and Borrower. Borrower's covenants and agreements shall be joint and several. Any Borrower who co-signs this Security Instrument but does not execute the Note: (a) is co-signing this Security Instrument only to mortgage, grant and convey that Borrower's interest in the Property under the terms of this Security Instrument; (b) is not personally obligated to pay the sums secured by this Security Instrument; and (c) agrees that Lender and any other Borrower may agree to extend,

91001215v24.1
Version 05_06_2024_09_09_47

(page 3 of 5)

Loan Number

modify, forbear or make any accommodations with regard to the term of this Security Instrument or the Note without that Borrower's consent.

4. **Notices.** Any notice to Borrower provided for in this Security Instrument shall be given by delivering it or by mailing it by first class mail unless applicable law requires use of another method. The notice shall be directed to the Property Address or any other address Borrower designates by notice to Lender. Any notice to Lender shall be given by first class mail to: U.S. Department of Housing and Urban Development, Attention: Single Family Notes Branch, 451 7th Street S.W., Washington, DC 20410 or any address Lender designates by notice to Borrower. Any notice provided for in this Security Instrument shall be deemed to have been given to Borrower or Lender when given as provided in this paragraph.

5. **Governing Law; Severability.** This Security Instrument shall be governed by Federal law and the law of the jurisdiction in which the Property is located. In the event that any provision or clause of this Security Instrument or the Note conflicts with applicable law, such conflict shall not affect other provisions of this Security Instrument or the Note which can be given effect without the conflicting provision. To this end the provisions of this Security Instrument and the Note are declared to be severable.

6. **Borrower's Copy.** Borrower shall be given one conformed copy of the Note and of this Security Instrument.

NON-UNIFORM COVENANTS.

Borrower and Lender further covenant and agree as follows:

7. **Remedies.**

(a) **Notice of Default.** Lender will give a notice of default to Borrower following Borrower's breach of any covenant or agreement in this Security Instrument. The notice will specify, in addition to any information required by applicable law: (i) the default; (ii) the action required to cure the default; (iii) that failure to cure the default on or before the date specified in the notice may result in foreclosure by judicial proceeding and sale of the Property; and (iv) Borrower's right to deny in the foreclosure proceeding the existence of a default or to assert any other defense of Borrower to foreclosure.

01001216v24.1
Version 06_06_2024_09_09_47

(page 4 of 5)

Loan Number

**(b) Foreclosure; Expenses.** If the default is not cured on or before the date specified in the notice, Lender may require immediate payment in full of all sums secured by this Security Instrument without further demand and may foreclose this Security Instrument by judicial proceeding or in accordance with paragraph 7(c). Lender will be entitled to collect all expenses incurred in pursuing its remedies, including but not limited to: (i) reasonable attorneys' fees and costs to the extent permitted by applicable law, and as authorized by a court in the judicial foreclosure proceeding; and (ii) other fees incurred to protect Lender's interest in the Property and/or rights under this Security Instrument.

**(c) Secretary's Remedies.** Notwithstanding the foregoing paragraph (a)-(b), if the Lender's interest in this Security Instrument is held by the Secretary and the Secretary requires immediate payment in full under Paragraph 4 of the Note, the Secretary may invoke the nonjudicial power of sale provided in the Single Family Mortgage Foreclosure Act of 1994 ("Act") (12 U.S.C. § 3751 et seq.) by requesting a foreclosure commissioner designated under the Act to commence foreclosure and to sell the Property as provided in the Act. Nothing in the preceding sentence will deprive the Secretary of any rights otherwise available to a Lender under this section 7 or applicable law.

**8. Release.** Upon payment of all sums secured by this Security Instrument Lender will discharge this Security Instrument. Borrower will pay any recordation costs associated with such release. Lender may charge Borrower a fee for releasing this Security Instrument, but only if the fee is paid to a third party for services rendered and the charging of the fee is permitted under applicable law.

BY SIGNING BELOW, Borrower accepts and agrees to the terms contained in this Security Instrument and in any rider(s) signed by Borrower and recorded with it.

This instrument was prepared by:

LOANDEPOT.COM LLC
26642 TOWNE CENTRE DRIVE
FOOTHILL RANCH, CA 92610

91001216v24.1
Version 05_06_2024_09_09_47

(page 5 of 5)

## SUBORDINATE NOTE

FHA Case Number 203 415-0016777 703

MAY 08, 2024

14864 TOWNSHIP RD 215
FINDLAY, OHIO 45840

### 1. PARTIES

"Borrower" means each person signing at the end of this Note and the person's successors and assigns. "Secretary" or "Lender" means the Secretary of the U.S. Department of Housing and Urban Development and its successors and assigns.

### 2. BORROWER'S PROMISE TO PAY

In return for a loan received from the Lender, the Borrower promises to pay the principal sum of FORTY-NINE THOUSAND ONE HUNDRED FORTY-SEVEN AND 38/100THS (U.S. $49,147.38), to the order of the Lender.

**Notwithstanding the foregoing or any other provisions contained herein, if personal liability with respect to any amounts payable under the primary Note has been discharged in bankruptcy, Borrower and Lender understand and agree that nothing contained herein with respect to any amounts payable under this Note, shall be construed to impose personal liability to repay any such obligation in violation of such discharge. Borrower and Lender further understand and agree that to the extent that such personal liability with respect to any amounts payable under the primary Note has been discharged in bankruptcy, Borrower is entering into this Note voluntarily for the benefits to be obtained thereby and not as an affirmation of the debt evidenced by the primary Note, and that this Note, or any actions taken by the Lender in relation to this Note, does not constitute a demand for payment or any attempt to collect any such previously discharged obligation.**

### 3. PROMISE TO PAY SECURED

The Borrower's promise to pay is secured by a mortgage, deed of trust or similar security instrument that is dated the same date as this Note and called the "Security Instrument." The Security Instrument protects the Lender from losses which might result if the Borrower defaults under this Note.

### 4. MANNER OF PAYMENT

#### (A) Time

On MARCH 01, 2052, or, if earlier, when the first of the following events occurs:

(i) The Borrower has paid in full all amounts due under the primary Note and related mortgage, deed of trust or similar Security Instruments insured by the Secretary, or

(ii) The maturity date of primary Note has been accelerated, or

(iii) The primary Note and related mortgage, deed of trust or similar Security Instrument are no longer insured by the Secretary.

**(B) Place**

Payment shall be made at the Office of Housing FHA-Comptroller, Director of Mortgage Insurance Accounting and Servicing, 451 7th Street S.W., Washington, DC 20410 or any such other place as the Lender may designate in writing by notice to the Borrower.

## 5. BORROWER'S RIGHT TO PREPAY

The Borrower has the right to pay the debt evidenced by this Note, in whole or in part, without charge or penalty. If the Borrower makes a partial prepayment, there will be no changes in the due date or in the amount of the monthly payment unless the Lender agrees in writing to those changes.

## 6. WAIVERS

The Borrowers and any other person who has obligations under this Note waive the rights of presentment and notice of dishonor. "Presentment" means the right to require the Lender to demand payment of amounts due. "Notice of Dishonor" means the right to require the Lender to give notice to other persons that amounts due have not been paid.

## 7. OBLIGATIONS OF PERSONS UNDER THIS NOTE

If more than one person signs this Note, each person is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed. Any person who is a guarantor, surety or endorser of this Note is also obligated to do these things. Any person who takes over these obligations, including the obligations of a guarantor, surety or endorser of this Note, is also obligated to keep all of the promises made in this Note. Lender may enforce its rights under this Note against each person individually or against all signatories together. Any one person signing this Note may be required to pay all the amounts owed under this Note.

## 8. SEVERABILITY

If one section of this instrument is found to be void or unenforceable such determination shall not affect the validity or enforceability of other provisions, all of which shall remain in full force and effect.

BY SIGNING BELOW, the Borrower accepts and agrees to the terms and covenants contained in this Note.

Version 05_08_2024_09_09_47

# DOCUMENT CORRECTION AGREEMENT
### ("Agreement")

Loan Number: ▮▮▮▮▮▮▮ (the "Loan")

**AGREEMENT TO CORRECT MISSTATED DOCUMENTS AND TO PROVIDE ADDITIONAL DOCUMENTATION**: In consideration of LOANDEPOT.COM LLC providing the Partial Claim (the "Workout") as requested by the undersigned ("Borrower"), and regardless of the reason for any loss, misplacement, or inaccuracy in any of the enclosed documents, Borrower agrees as follows: If any document is lost, misplaced, misstated or inaccurately reflects the true and correct terms and conditions of the Workout, upon request of LOANDEPOT.COM LLC, the Borrower will comply with any request to execute, acknowledge, and deliver to LOANDEPOT.COM LLC any documentation ("Replacement Documents") LOANDEPOT.COM LLC deems necessary to replace or correct the lost, misplaced, misstated or inaccurate document(s). The Borrower agrees to deliver the Replacement Documents within ten (10) days after receipt by the Borrower of a written request for such replacement.

**REQUEST BY LOANDEPOT.COM LLC**: Any request under this Agreement made by LOANDEPOT.COM LLC, (including assignees and persons acting on behalf of LOANDEPOT.COM LLC), shall be <u>prima facie</u> evidence of the necessity for the same. A written statement addressed to the Borrower, first class postage prepaid, at the mailing address indicated in our records shall be considered conclusive evidence of receipt by the Borrower of the request for Replacement Documents.

**BORROWER LIABILITY**: If the Borrower fails or refuses to execute, acknowledge, and deliver the Replacement Documents to LOANDEPOT.COM LLC more than ten (10) days after being requested to do so by LOANDEPOT.COM LLC, the Borrower shall be liable for any and all loss or damage which LOANDEPOT.COM LLC reasonably sustains thereby, including, but not limited to, all reasonable attorneys' fees and costs incurred by LOANDEPOT.COM LLC. In addition, LOANDEPOT.COM LLC may elect to declare the Workout null and void in which case the loan shall return to the status as existed prior to the Workout. Any funds received by LOANDEPOT.COM LLC in conjunction with the Workout shall be retained by LOANDEPOT.COM LLC and applied to the loan as determined by LOANDEPOT.COM LLC in its discretion.



91004010v2.3
Page 1 of 1

Version 05_06_2024_09_09_47



**15000 MADISON AVENUE**

**LAKEWOOD OH 44107**
(937) 844-1402
INV:
PO: REF: LLN6616A7AD9EBA4496B096096CB0D9474C
DEPT:





TRK# 2744 2508 4071
0201

THU - 30 MAY AA
STANDARD OVERNIGHT

**XP CLEA**

44107
OH-US
**CLE**



5962402 29May2024 TOLA 581G4/C458/C088

